(Please draw 3 exhibits on back)
Front page — 12/12

20cv578 JCH-KRS

Appellant
CHARLES D. J. BARNES #33280
vs.

Appellee
United States District
Court of New Mexico /
10 Judicial DISTRICT

28§2255 U.S.C (a)
28 §2254 U.S.C (2)(B) ; (2)(E)
28 §2254 2(A)(i)(A)(ii)
5-802 NMRA

Request for HABEUS CORPUS Writ
(re Evidencing hearing
concerning the fraudulent/
objectionable judgment on
the date 10-22-13, which
an actionable impositional
that lacks truthfulness,
evidence (including evidencing
hearing rights) and integrity.

(please send copy in accordance with 28 U.S.C. §2254, Front page pg 1) (fully handmade and notarized copy - serial of Habeas Corpus §2254 U.S.C.)

Appellant                                Case no: 16-2238
CHARLES D.J. BAARES         Case no: 19-2208-
           vs                                    Case no: 1:09-cv-0086-KR
                                                         MV/KRS

United States DISTRICT
Court OF NEW MEXICO
10 Judicial DISTRICT

"5-801 NMRA"   Case no: CR-2009-92
Case no. 1:09-CA-00144-01 WPS
REQUEST FOR HABEAS CORPUS/
CERTIORARI WRIT 5-801 NMRA/
28 U.S.C.§2255/ I'm CHARLES D.J. BAARES
and I'm in the custody
of the 10th District of
NEW MEXICO 1:09-CA-00144-WPJ
after Case no. 2009-0092 was
dismissed and probation was
fraudulently violated
on the date 10-22-13 as
impositional judgement by
Judge William Johnson. A
writ of HABEAS CORPUS was
entered the capital of New
MEXICO, SANTAFE, by the

1/1α

president of United States on the date of 11-20-12

Appellate provisions are being sought

On the dockett statement there are also incidents suchas; DISREGARDed and dismissed HABEUS CORPUS terminations and discrimination complaints are being illegal and unfairly and it is an act of DISCRIMINATION Double Jeopardy as well as Obstruction of evidence and following concerns are being abridged as causal effects

1. Administrive appeals are being unheard and avoided as abridged to court officials. AMENDMENT IX; AMENDMENT VII

2. Authenticated communication Discovery and Disclosure is illegally not being and being not serviced as due process mandates, cv 1-094 NMAC


pg 2/12

1(a.) DISCRIMINATION against proper relief wasn't granted after the order of HABEAS CORPUS in 11-30-12.

1(b) Abuse of Human Rights and privacy as a cause effect of the facts of discrimination by the court and Administration and Discrimination of HABEAS CORPUS.

2. THE DISCRIMINATION of Double Jeopardies hearings were conducted after the concealment of the DIRECT order of HABEAS CORPUS.

3. The DISCRIMINATION of Due process abridgmentation of hearings were discriminated during the process of HEARINGS hearings violated with out Rights to appeal and timely freedom of DISCOVERY.

pg 4/16

4. LAWYER/CLIENT capabilities were discriminated against the durings of the process of needed appeal and proceedings LAWYERS and LAWYER HEARINGS were dismissed.

These acts of DISCRIMINATION should bring question to Administrative standards and the manner of uniform injustice.
VIIP AMENDMENT, V AMENDMENT IVX AMENDMENT; IIVX AMENDMENT CRUEL AND Unusual Punishment TIME LIMITATIONS STATUTES violations of a tortuous and cruel placement and environment. Inequility of inherent rights and conspiracy to hide information from or by victimization tactics.

p5/12

The initial petitions of case no. 503-CA-2009-0094 and 1:05-CA-00144-01WPJ were perjurous in the beggining/initial indictments, as proved and was also a perjurous statement of any alleged judgmental complaints proven a false information and violates 28 §1746 and 18 U.S.C § 1621. The petitions of indictment as S.I.C. fundamental error.

1. The state dismissed and incorrectly persuedd in fundamental error.

2. The signature of the dismissed proposal of alluded Assistant D.A. Stephanie Erickson was an act of forgery against the STATE of NEW MEXICO because she was an illegal partaker.

5/12

According to 13-110 CR4 and civ. no N.MAC.M-089 and 1-041 of Procedure on District court concerning U.S.M.M.Law 4(a); the dismissals of the dismissed case can't be re-opened unless the defenses position and counsel finds it nessassary. the closing of case soto dismissal HABEUS CORPUS, and proof of interlooks to Malicious prosecute has been honored as insufficient activity.

2(a) the dishonorarment of the case dismissal is an act of forgery and Defamation against the STATE court decision by the correctional department

3a 3(a) 2r§ 2248 and, U.S.D. NMRleLII Proves the rule of conduct saysif case was dismissed or in need of HABEUS CORPUS, and there is need to challenge the legality of Incarceration and/or

pg 8/18

The signature of the illegal partner Assistant D.A. STEPHANIE Erickson was also a pen as rous as to the STATE of New MEXICO.

4(a) Other Dismissals of the case and trial evidence and unfinalized case that was DISMISSED as was the case no. 1:03-CA-00188-01 WDJ; D-503-2001-0093, can not be considered a legal order.

4(b) Attempt alterations are SIC incorrectly represented proposals that were dismissed. Attempted Malicious false imprisoned motivation by specified officers of the STATE of NEW MEXICO such as: The false and SIC incorrectly represented Judgment sentencement.

pg 7/1a

HABEUS CORPUS / MANDAMUS
RECEATIFICATION
after "reported record misplacement
AMENDMENT VIII, AMENDMENT XIV,
AMENDMENT XIII/
This is a motion for
a hearing of HABEUS CORPUS
and DISMISSAL do to contempt
of DISCLOSURE, DISCRIMINATION
DISLOYAY DISCRIMINATION
against eudencial due process
The DISCRIMINATION itself is
defamatory Malicious stalking
against statutes have persisted
as required time limitations
statutes. Misplacements
of recordations in appellate
courts obstructions of evidence
and discovery Authentications
and obstruction contempts
of dismissals are proof
of concealment of
DISCOVERY and other contempts
have persisted.

pg 8/10

in the appellate court of subjection, proof of unligious prosecution attempts, and neglect of DISCLOSURE through DISMISSALS of Authentications.

- TIME limitations of contestments of answers, Authentication and DISCOVERY has prevented process.

- Concealments and contempts against discovery have assisted discrimination of DISCOVERY have caused DISCRIMINATI

- DISMISSALS that show proof of time limitations against contestment of motions and time-limitations of DISCLOSURE/ DISCOVERY are on Docket statements; After DISMISSAL a hearing of release and societal phamation shall be discussed by my defense and the concerning officials.

pg 9/12

Proof of Maliciously prosecution attempts and neglect of DISCLOSURE through DISMISSALS of Authentication.

Time-limitations of contestments of answers Authenticity and DISCOVERY has prevented process
- Concealments and contempt against discovery has prevented process
- DISMISSALS that show proof of time limitations of DISCOVERY / DISCOVERY are on the Docket Statement.

After DISMISSAL a hearing of release and societal plan action shall be discussed by defense and the concerning officials.
Civil rights versus HABEAS corpus are as follows: 42 § 1983  Johnson v Avery, 393 U.S. 683 (1969)
Preiser v. Rodriguez, 411 U.S. 475 (1973)  Morgan v Thompson, 321, 321 F. Supp. 563 (S.D. Miss 1970)  18 §§ 3142-3144

10/12

This is a request for a live hearing proceeding for HABEUS CORPUS in pursuance of 28 U.S.C §§2254 2(B), 2254 2(F); and 28 U.S.C §§2254(A),

(2)A.ii proceeding to prove evidence of a fundamental erroral judgment that disregarded Rights of evidence in accordance with the following laws and reasons.

1. The evidence of an needed evidenciary hearing of the WRJ HABEUS CORPUS by the president of United States was needed to prove arguments concerning the Motion and writ of HABEUS CORPUS on the date of 11-20-12 to STATE of New Mexico on case no. 001888W. The disclosure was needed but disregarded by the court violated the V Amendment;

Art V  U.S.C.; and Monroe vs Pape 18 U.S.C §§342.1343

11/12

5-802 / 3-801 and § §2254(A)(i) and 2(A)(ii)

In pursuance 28 §§2255(1) and rule 8 U.S.C. rule of HABEUS CORPUS, The request for, another writ of HABEUS CORPUS or Writ of Certiorari after the Writ HABEUS CORPUS that was ordered by District of New Mexico of U.S. in persuance of his request; Hearings were discriminated and fundamental errors were made that were objected and appealed.

Therefore, My administration would like a Live hearing with record.

According to 28 §§ 2254(Q)A(i)ii The claim relies on:
Need of collateral review by the Supreme court that was previously unavailable or the factual assessment that could not have been previously discovered because of through due deligence of court

pg 12/12

The probation violation as being still being appealled againste and there was announced discriminations concerning due process o f discharge paper communications by court and probation / parole officals. (Please observe probation violation imposition given on 10-22-13) There is Discoverable and Disclosure of HABEUS CORPUS that was definitely disregaurded according to the Dockett statement. The act of abridgement and Discrimination is concealing the facts of Supposed allowation in case of 1:03-CB-00188-01WPJ.

Signature _____

signed before me this 23rd day of March, 2020 by Charles "DJ" Burnes, plaintiff

Chaloupek
Notary public   My commission expires



| | | |
|---|---|---|
| 11/18/2016 | 133 | Transmission of Preliminary Record as to Charles Barnes to US Court of Appeals re 132 Notice of Appeal, 131 Notice of Appeal (kg) (Entered: 11/18/2016) |
| 11/18/2016 | 134 | USCA Information Letter with Case Number as to Charles Barnes 16-2258 for 132 Notice of Appeal, 131 Notice of Appeal (kg) (Entered: 11/18/2016) |
| 11/18/2016 | 135 | ORDER OF USCA - briefing on the merits is tolled pending further order as to Charles Barnes re 132 Notice of Appeal, 131 Notice of Appeal(kg) (Entered: 11/18/2016) |
| 11/29/2016 | 136 | NOTICE by Charles Barnes (dmw) (Entered: 11/30/2016) |
| 12/20/2016 | 137 | MANDATE of USCA - appeal is dismissed for lack of prosecution as to Charles Barnes re 132 Notice of Appeal - Final Judgment, 131 Notice of Appeal - Final Judgment (Attachments: # 1 Order)(kg) (Entered: 12/21/2016) |
| 01/27/2017 | 138 | ***FILED IN ERROR*** LETTER by Charles Barnes (bap) Modified text on 1/31/2017, Mr. Barnes is restricted from filing any pleadings in this case (kg). (Entered: 01/30/2017) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES D.J. BARNES,

    Plaintiff,

v.

                                                          No. ~~~~~~~~~~~~~~

STATE OF NEW MEXICO, *et al*,

    Defendants.

### ORDER OF DISMISSAL

    This matter comes before the Court following Plaintiff's failure to cure deficiencies in connection with his Prisoner Civil Rights Complaint. (Doc. 1.) By an Order entered December 12, 2018, the Court directed Plaintiff to pay the $400 civil filing fee, or alternatively, submit an *in forma pauperis* application no later than January 11, 2019. (Doc. 2.) The Order attached a blank copy of the form application and warned that the failure to timely comply may result in dismissal of this action without further notice. (*Id.* at 1.)

    Plaintiff failed to address the filing fee. Instead, he submitted two letters raising discrimination, double jeopardy violations, and other constitutional violations. (Docs. 3; 4.) He asserts such "frame[work] [of] obstructions" "created" his failure to comply with the Order to Cure. (Docs. 3 at 3; 4 at 3.) These allegations, without more, do not explain why Plaintiff was unable to fill out the blank *in forma pauperis* application attached to the Order. The Court will therefore dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with the prior Order. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Rule 41(b) . . . has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the . . . court's orders."). If Plaintiff still wishes

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CRIMINAL NO. 05-1888 |
| vs. | ) | |
| CHARLES BARNES, | ) | |
| Defendant. | ) | |

WRIT OF HABEAS CORPUS AD PROSEQUENDUM
FOR CUSTODY OF DEFENDANT UNTIL COMPLETION OF FEDERAL CASE

THE PRESIDENT OF THE UNITED STATES OF AMERICA:

TO: Sheriff or Warden of Santa Fe Penitentiary, Santa Fe, NM, and to the United States Marshal or his authorized representative

GREETINGS:

You are hereby commanded to deliver CHARLES BARNES, DOB: xx/xx/1982, SSN: xxx/xx/9229, a prisoner in your custody at the Santa Fe Penitentiary to the United States Marshal for the District of New Mexico, or his representative.

The United States Marshals Service is commanded to product CHARLES BARNES for prosecution before the Honorable Robert Hayes Scott, United States Magistrate Judge Pete V. Dominici United States Courthouse, 333 Lomas Blvd. NW, Hondo Courtroom, 4th Floor, on Monday, December 10, 2012, at 9:30 A.M.

CHARLES BARNES will remain in the custody of the United States Marshal or his authorized representative until the federal prosecution is complete, unless otherwise ordered.

WITNESS the Honorable Robert Hayes Scott, United States Magistrate Judge of the United States District Court for the District of New Mexico, at Albuquerque, New Mexico, this __

CHARLES D.S BARNES #53280

GEO/NEUMDF

185 Dr. Michael Jenkins Ph.d

Clayton, NM, 87100

LEGAL Discharge
May
confidentiality

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 15 2020

MITCHELL R. ELFERS
CLERK

DISTRICT COURT OF New

MEXICO - COURTHOUSE

333 LOMAS Blvd

Albuquerque, NM